Order, Supreme Court, New York County (Michael D. Stall-man, J.), entered April 22, 2008, which, to the extent appealed from as limited by the briefs, denied so much of defendants’ motion as sought summary judgment dismissing the third cause of action, unanimously affirmed, without costs.
Plaintiff, by her mother, commenced this action against defendant owners of the apartment building in which plaintiff and her family resided to recover damages for injuries she sustained when she was sexually assaulted by third-party defendant Avila in an elevator in the building. The complaint contained three causes of action; the first two were based on defendants’ alleged negligence in failing to maintain a properly functioning self-locking door to the building, and the third was premised on defendants’ alleged assumption and breach of a duty to plaintiff to maintain and monitor security cameras in the elevator in which plaintiff was assaulted. With respect to the third cause of action, plaintiff’s mother claimed that employees of the building, including the superintendent, told her prior to the assault that the elevator was equipped with a security camera that was constantly monitored on the premises and that she need not worry about plaintiff’s safety when she was in the building.
Defendants moved for summary judgment dismissing the complaint, relying on plaintiffs deposition testimony. Plaintiff, among other things, opposed the motion and noted that defendants had not addressed her third cause of action. Supreme Court granted those portions of the motion seeking summary judgment dismissing the first two causes of action and denied that aspect of the motion that sought dismissal of the third. Defendants appeal from that portion of the order that denied summary judgment dismissing the third cause of action.
Defendants failed to make a prima facie showing of entitlement to judgment as a matter of law dismissing plaintiff’s third cause of action. In their motion papers, defendants failed to address this cause of action and submitted no evidence that demonstrated the absence of triable issues of fact with respect to it. *274 Since defendants failed to meet their initial burden on the motion with respect to that cause of action, the portion of the motion seeking dismissal of it must be denied regardless of the sufficiency of plaintiffs opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Even in addressing the third cause of action for the first time in their reply papers—which is generally impermissible—defendants failed to submit any evidence supporting their contention that they were entitled to summary judgment dismissing that cause of action. Concur— Gonzalez, J.E, McGuire, Moskowitz, DeGrasse and Freedman, JJ. [See 19 Misc 3d 1120(A), 2008 NY Slip Op 50779(U).]